IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-375-GMS |
| | ) Superior Court of Pennsylvania No. 090703846 |
| THE CITY OF PHILADELPHIA | ) Pennsylvania Common Pleas Court No. 03846 & |
| PROTHONOTARY, GOLDBECK | ) No. 090302918 |
| MCCAFFERTY & MCKEEVER, | ) |
| ROBERT H. DICKMAN, DEUTSCHE | ) |
| BANK NATIONAL TRUST COMPANY, | ) |
| and MARTHA E. VON ROSENSTIEL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

### I. INTRODUCTION

On May 5, 2010, the plaintiff James Coppedge ("Coppedge") filed a "removal notice [] to federal court for stay of emergency execution in mortgage foreclosure," an "emergency motion to stay" with supporting memorandum of law, followed a few days later by a motion to seal documents. (D.I. 1, 3, 4, 5.) Coppedge appears *pro se.* For the reasons discussed below, the court will summarily remand the case to the Pennsylvania State Courts.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Coppedge's removal notice states that this is a notice of appeal to federal court for a stay of emergency execution and a demand for the defendants to provide a proof of claim of legal standing in the notice of foreclosure and tortious interference in the matter of tenant's rights. (D.I. 1.) Coppedge did not provide the court with copies of pleadings in the state court proceeding filed by the defendants. Hence, it is unclear in which Pennsylvania court the action is

pending.  The emergency motion to stay states that this claim is filed pursuant to Rule 17(a)[1], and

18 U.S.C. §§ 655[2], 656[3], and 894[4] to stay proceedings of mortgage foreclosure for real property

located at 3738 N. Bouvier Street, Philadelphia, Pennsylvania.[5]  (D.I. 3.)  The motion makes

specific demands upon the defendants with regard to the foreclosure.

Coppedge's memorandum of law is filed pursuant to UCC 3-501, Rules 12(b)(6), 37,

37(c), and 37(c)(3)[6], 42 U.S.C. § 1983[7], and 18 U.S.C. §§ 655, 656, and 894.  (D.I. 4.)  Exhibit A

contains a number of documents titled as the "complaint" and  Exhibit B contains a number of

documents titled as "negative averments."  All of the exhibit documents were prepared by

Coppedge.  The memorandum of law states that Coppedge, as a third party plaintiff, demanded a

proof of claim that the property has not been paid in full and that the defendants failed to respond

to affidavits and provide full disclosure as required by Rule 37(c)(1)(2).  Coppedge asserts that

the defendants' attorney failed to disclose, provided a false misleading disclosure or refused to

---

[1]Presumably Fed. R. Civ. P. 17(a) which provides for designation of a real party in interest.

[2]Theft by bank examiner.  18 U.S.C. § 655.

[3]Theft, embezzlement, or misapplication by bank officer or employee.  18 U.S.C. § 656.

[4]Collection of extensions of credit by extortionate means.  18 U.S.C. § 894.

[5]The City of Philadelphia Prothonotary is not listed as a defendant in this motion or in Coppedge's subsequent filings.

[6]Presumably Fed. R. Civ. P. 12(b)(6) which provides for the asserted defense of failure to state a claim upon which relief may can be granted and Fed. R. Civ. P. 37 which provides for failure to make disclosures or to cooperate in discovery.

[7]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

admit to the collusion of mortgage fraud. Coppedge contends that the original promissory note for the property in question was signed under threat, duress and coercion, was never presented for inspection, that collusion is the foundation of fraud committed in this case with conspiracy of all parties concerned, and the fraud is a violation of the National Currency Act of 1863[8], §§ 27, 28, and 53.[9] Coppedge states that he did not accept an offer to contract in fraud in the foreclosure against his property and no one has permission to tamper with his affidavit of negative averment or to sell his property. Coppedge asks the court to affirm its original order of August 6, 2009 and "release the property to the order of the secured party creditor James Coppedge with prejudice."[10] Coppedge's last filing is a motion to seal and includes documents prepared by him on official government forms for "immediate processing to close the case, release lien on real property, to release said property from escrow, and release all bonds of performance pursuant to 48 C.F.R. Ch. 1 53.228, Bonds and Insurance." (D.I. 5.)

---

[8]The National Currency Act of 1863 that was replaced by the National Bank Act of 1864, "provided . . . for federal chartering of national banks." *Clarke v. Sec. Indus. Ass'n,* 479 U.S. 388, 410-11 (1987). The National Currency Act prohibited actions such as "transfer of bank assets in contemplation of insolvency or with a view to preferring one creditor of the bank over another." *Third N'tl Bank v. Impac Ltd., Inc.*, 432 U.S. 312, 316 (1977). The paramount intention of both statutes was to ". . . give every possible support to the public credit . . . ." by a uniform currency ". . . . furnished by national associations, organized under a general act of Congress . . ." Abraham Lincoln, Special Message on Financing the War, Senate Journal, pp. 121-122 (37th Cong., 3rd Sess., Jan. 17, 1863). The National Bank Act is codified at 12 U.S.C. § 83 *et seq. Northway Lanes v. Hackley Union Nat'l Bank & Trust Co.,* 334 F. Supp. 723, 726, (D.C. Mich. 1971).

[9]Presumably 12 U.S.C. §§ 27, 28 and 53. Section 27 provides for the certificate of authority to commence banking; Section 28 was repealed on September 23, 1994; and Section 53 provides for the payment of capital stock.

[10]The August 6, 2009 order was not provided to the court.

## III. LEGAL STANDARD

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

Coppedge does not indicate under which removal statute he proceeds, but references 42 U.S.C. § 1983, several federal criminal statutes, and several federal rules of civil procedure. The removal statute is strictly construed, requiring remand to state court if any doubt exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941). A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010.

4

## IV. DISCUSSION

### A. Requisites for Removal

Initially the court notes that Coppedge failed to comply with the requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state civil proceeding regarding foreclosure of the property in question. *See* 28 U.S.C. § 1446(a). Instead, he provided copies of documents he prepared in opposition to foreclosure.

### B. Younger Abstention

Coppedge's initial pleading states that it is an appeal for a stay of emergency execution. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[11] Also under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[12] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975); *see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services*, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise

---

[11]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994).

[12]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). It appears that there are on-going state proceedings for the foreclosure of real property. Second, Pennsylvania has an important interest in resolving real estate issues, and a ruling in the Pennsylvania courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Prindable v. Ass'n of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment proceedings important state interests under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, Coppedge has an adequate opportunity to raise any potential constitutional claims in state court. Accordingly, pursuant to *Younger* and its progeny the court must abstain. *See Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15(1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

## C. Rooker-Feldman Doctrine

Additionally, federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[13] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). Assuming, arguendo, that this case has been resolved by the

─────────────

[13]The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Because the doctrine divests the court of subject matter jurisdiction, it may be raised at any time by the court *sua sponte*. *Desi's Pizza, Inc. v. City of Wilkes-Barre,* 321 F.3d 411, 419 (3d Cir. 2003); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003).

6

Pennsylvania state courts, the *Rooker Feldman* doctrine applies as this is a case "brought by [a] state-court loser[] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing Coppedge's claim to proceed against the defendants would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Coppedge specifically ask this court for a stay of emergency execution. He couches his claims as a violation of his constitutional rights pursuant to § 1983 and as violations of federal criminal law, but it is evident that he actually seeks review and rejection of a Pennsylvania state court decision regarding foreclosure of the real property at issue. The claim falls under the purview of the *Rooker-Feldman* doctrine and, therefore, the court cannot exercise jurisdiction.

### D. Grounds for Removal

Coppedge raises no plausible grounds for removal. His overall conclusory allegations in support of removal are insufficient. With regard to his § 1983 claim, the majority of the defendants are not state actors and it may be that the Pennsylvania prothonotary is immune from suit. See *West v. Atkins,* 487 U.S. 42, 48 (1988); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) (prothonotary is immune from suit when acting at the court's direction). Coppedge also alleges violations of federal criminal statutes, but individual citizens do not have a constitutional right to the prosecution of alleged criminals. *Capogrosso v. The Supreme Court of*

7

*New Jersey*, 588 F.3d 180 (3d Cir. 2009) (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Finally, his claim of violations of the National Currency Act of 1863 is not tenable.

## V. CONCLUSION

For the above reasons, the court will grant the motion to seal and will summarily remand the matter to the Pennsylvania state courts for lack of subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative, pursuant to the *Rooker-Feldman* doctrine.[1]

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 9 , 2010
Wilmington, Delaware

---

[1]The documents attached to the motion to seal contain personal information.

8

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-375-GMS |
| | ) Superior Court of Pennsylvania No. 090703846 |
| THE CITY OF PHILADELPHIA OF | ) Pennsylvania Common Pleas Court No. 03846 & |
| PROTHONOTARY, GOLDBECK | ) No. 090302918 |
| MCCAFFERTY & MCKEEVER, | ) |
| ROBERT H. DICKMAN, DEUTSCHE | ) |
| BANK NATIONAL TRUST COMPANY, | ) |
| and MARTHA E. VON ROSENSTIEL, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9ᵗʰ day of _____, 2010, for the reasons set forth in

the Memorandum issued this date:

1. The motion to seal is **granted**. (D.I. 5.)

2. The case is **summarily remanded** to the Pennsylvania State Courts.

CHIEF UNITED STATES DISTRICT JUDGE